## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER SHOWMAKER,**

      **Plaintiff,**

    **vs.**                                                      **Civ. No. 20-447 JAP/SCY**

**TAOS SKI VALLEY,**

      **Defendant.**

## ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on Defendant Taos Ski Valley's ("TSV") Motion for Attorney's Fees. Doc. 45. On December 1, 2020, the Court granted Defendant's motion to compel. Doc. 43. In granting its motion, the Court noted that Defendant requested its attorney's fees as allowed by Rule 37 for the first time in its reply brief and, as such, Plaintiff had not yet had an opportunity to respond to that request. Doc. 43 at 7. Accordingly, the Court allowed Defendant 14 days from its Order on the motion to compel to file a motion for attorney's fees. *Id.* Defendant followed with the present motion, seeking attorney's fees and costs in the amount of $3,301.27. Doc. 45. Plaintiff filed a response in opposition on December 29, 2020, Doc. 47, and Defendant filed a reply on January 12, 2021, Doc. 48. Plaintiff raises three arguments against an award of fees, each of which the Court addresses and rejects.

## LEGAL STANDARD

Rule 37(a)(5)(A) mandates that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Rule 37 further instructs the court not to order expenses if "the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

## ANALYSIS

### 1. Defendant did not waive its right to request fees.

Plaintiff first argues that Defendant waived its right to request attorney's fees because it did not request fees in its motion, instead waiting to raise the issue until its reply. Doc. 45 ¶ 2. Issues raised for the first time in a reply brief are usually waived. *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016). The mandate contained in Rule 37(a)(5), however, appears to exist regardless of whether a movant seeks to trigger that mandate. Rule 37(a)(5) mandates that the Court award fees if it grants a motion to compel, subject to three exceptions[1] and requiring only that the non-moving party be given an opportunity to be heard. This mandate does not require a party to raise the issue in its original motion. Nonetheless, because Defendant raised this issue for the first time in reply, the Court ordered the current briefing to afford Plaintiff the opportunity to be heard. Plaintiff cites no authority that circumvents the mandatory language of Rule 37(a)(5) simply because Defendant first raised the issue of fees in reply.

---

[1] As mentioned above, the three exceptions are whether "the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make and award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The parties do not address the first exception, but it clearly is inapplicable to this case because Defendant sent Plaintiff a good faith letter laying out its concerns before filing the motion to compel. Doc. 34-3. The other two exceptions are addressed below and the Court finds that they do not apply to this case.

Plaintiff also asserts that Defendant waived its right to request fees related to the motion to compel because it proceeded with Plaintiff's deposition before receiving supplemental productions. Doc. 45 ¶ 3. This argument misses the mark because Defendant is requesting fees associated with its motion to compel, not associated with Plaintiff's deposition. Whether or not Defendant prematurely took Plaintiff's deposition while waiting for additional supplements is unrelated to the issue of whether Defendant had to bring a motion to compel to obtain the supplements to which it was entitled. Accordingly, the Court rejects Plaintiff's arguments that Defendant waived its right to request fees.

**2. That the Court did not order supplements to some discovery requests does not negate an award of fees for the entire motion.**

Plaintiff next argues that an award of fees would be unjust because the Court did not grant the motion to compel in its entirety. Plaintiff therefore asserts that the Court should deny fees or apportion fees related only to the parts of the motion to compel the Court granted. Indeed, in its motion, Defendant sought to compel supplemental responses to Requests for Production Nos. 1, 2, 3, 4, 5, 6, and 7 and Interrogatory No. 3, and the Court only ordered that Plaintiff supplement its responses to Requests for Production Nos. 1, 2, 4, and 7 and Interrogatory No. 3. *See* Docs. 34, 43.

As Plaintiff suggests, when a court grants in part and denies in part a motion to compel, and the part it grants does not vastly outweigh the part it denies, it is often not appropriate to require the nonmoving party to pay the attorney's fees of the moving party. This is because, when there is a split decision, both parties have won and lost on the merits; in other words, neither party forced the other to unnecessarily litigate a motion to compel. Here, however, Plaintiff did not, even in part, win on the merits.

First, consider Request for Production No. 3. This request asked Plaintiff to provide documents related to any physical disability or impairment assigned to Plaintiff. Doc. 34-2 at 3. Plaintiff responded that he had no documents responsive to this request. *Id*. In its motion to compel, Defendant mistakenly stated that Plaintiff responded to this request as follows: "Plaintiff will produce responsive documents at a mutually agreeable time, date, and location." Doc. 34 at 2 (seeking supplemental responses to Requests for Production Nos. 1, 2, 3, and 7). Presumably because Request for Production No. 3 was not actually in dispute, Plaintiff chose to not even address it in its response. Doc. 35. Similarly, other than noting in a footnote that no reason existed to address Request for Production No. 3, the Court did not address that request in its order. Doc. 43 at 2 n.2. Thus, there was no issue related to Request for Production No. 3 to decide on the merits. Moreover, because neither party devoted resources to addressing Request for Production No. 3, Defendant's initial mistaken inclusion of Request for Production No. 3 among the discovery requests at issue did not contribute to Defendant's cost of filing its motion to compel or Plaintiff's cost of responding to the motion to compel. Without more, Defendant's errant reference to Request for Production No. 3 provides no basis to re-apportion the fees Defendant seeks.[2]

Next, consider Requests for Production Nos. 5 and 6. Through these requests, Defendant sought tax returns and an executed employment authorization. Doc. 34 at 5-6. After Defendant filed its motion to compel, Plaintiff addressed these requests by stating that he is not seeking damages for lost wages. Doc. 35 ¶¶ 6, 10. Accordingly, in reply, Defendant acknowledged that

---

[2] Instead of further addressing Request for Production 3, Plaintiff reasserts the argument he made in response to the motion to compel regarding the production of documents responsive to Requests for Production Nos. 1, 2, and 7. Doc. 46 ¶ 6. The Court already rejected that argument in its Order granting the motion to compel and so will not address it here. *See* Doc. 43 at 2-3.

the requests were moot, Doc. 40 at 2 n.2, and the Court therefore did not require supplemental productions in response to Requests for Production Nos. 5 and 6, Doc. 43 at 2 n.1. Plaintiff now argues that he "should not bear the burden and expense for drafting moot sections of the Motion to Compel – especially when Defendant was made aware that Showmaker was not seeking damages for past or future income." Doc. 47 ¶ 9. But Plaintiff offers no further information about when he made Defendant aware he was not seeking damages for lost wages and the records before the Court show that Defendant did not become aware of that fact until Plaintiff filed his response to the motion to compel. The complaint seeks damages for loss of services, Doc. 1 ¶ 29, and so Defendant requested a signed employment authorization and Plaintiff's tax records in its first set of discovery requests to Plaintiff, Doc. 34-2 at 4. In his original response to those discovery requests, Plaintiff did not state that he is not seeking damages for lost wages; instead, he objected for other reasons and agreed to produce W-2s and 1099s. Doc. 34-2 at 4. Thereafter, Defendant sent Plaintiff a good faith letter, stating that "[a]lthough Plaintiff did not explicitly assert damages for lost wages or lost earning capacity, TSV inferred from the Complaint that Plaintiff seeks to recover past/ future lost earnings." Doc. 34-3 at 3. Plaintiff did not correct that inference (or respond to the letter at all) and so Defendant filed its motion to compel, including a request for Plaintiff to supplement Requests for Productions Nos. 5 and 6. Plaintiff's response to the motion to compel is, as far as the Court can tell, the first time Plaintiff acknowledges that he is not seeking damages for lost wages.

Rule 37(5)(A)(i) states that the court must not order payment under Rule 37 if the movant files its motion to compel "before attempting in good faith to obtain the disclosures or discovery without court action . . . ." An obvious purpose of this provision is to encourage the parties to communicate and share information that would obviate the need to engage in discovery

litigation. Given Defendant's acknowledgment that issues related to Requests for Production Nos. 5 and 6 became moot once Plaintiff stated that he was not seeking damages for lost wages, it is clear that, had Plaintiff provided this information to Defendant before Defendant filed its motion to compel, Requests for Production Nos. 5 and 6 would not have been included in the motion to compel. Thus, the Court does not view Plaintiff as prevailing on the merits with regard to Requests for Production Nos. 5 and 6. Instead, because Defendant was forced to file its motion to compel to learn that Plaintiff is not seeking damages for lost wages, the Court will require Plaintiff to pay Defendant's fees for drafting the entire motion, even though Defendant eventually withdrew its request for employment information as moot.

### 3. Plaintiff fails to present an argument that his objections regarding medical information were substantially justified.

In its motion to compel, Defendant sought supplements to its discovery requests concerning Plaintiff's medical information. Doc. 34 at 3-4. In responding to discovery, Plaintiff provided only medical information related to the injuries for which Plaintiff seeks recovery in this action. Doc. 34-1 at 4-5; Doc. 34-2 at 3-4. Defendant moved to compel all Plaintiff's medical information for a certain time period, focusing its arguments mainly on Local Rule 26.3, which deals with requirements for initial disclosures. In granting the motion to compel as to the requests at issue, the Court noted that "[d]ifferent judges in this District have come to varying conclusions about whether Local Rule 26.3 requires only the disclosure of health records the plaintiff intends to rely on . . . or whether it requires disclosure of *all* relevant health records as a matter of fairness." Doc. 43 at 5 n.3. However, the Court also held that "[r]egardless of what Local Rule 26.3(d) requires, Plaintiff's response to Interrogatory No. 3 and Request for Production No. 4 was insufficient." Doc. 43 at 5.

In response to the present motion for fees, Plaintiff asserts that his objections to requests for medical information were substantially justified because of the genuine dispute in this District as to Local Rule 26.3. Doc. 47 at 5. This argument, however, fails to acknowledge that, *in addition to whatever Local Rule 26.3(d) requires*, Defendant also requested information through Interrogatory No. 3 and Request for Production No. 4. As the Court previously pointed out, "the Interrogatory and Request for Production [at issue] ask for all health records and are thus broader than the narrow interpretation of Rule 26.3." Doc. 43 at 5 n.3. Because Plaintiff's argument does not address his failure to provide the medical information requested in Interrogatory No. 3 and Request for Production No. 4, the Court does not find Plaintiff's objections to be substantially justified.

**4. Defendant's hourly rates and the time spent are reasonable.**

In sum, the Court finds that an award of fees under Rule 37 is appropriate. The Court granted Defendant's motion to compel, Defendant attempted to obtain the discovery at issue before filing its motion to compel, Plaintiff's position was not substantially justified, and no other circumstances make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). This does not end the Court's analysis, however, as the Court may only order the party whose conduct necessitated the motion to pay the movant's *reasonable expenses* incurred in making the motion. *See* Fed. R. Civ. P. 37(a)(5)(A). "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours [defendant's] counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quotation omitted).

Here, Defendant requests a total award of $3,301.27. Doc. 45-1. In attorney Kurt Gilbert's affidavit on behalf of Defendant, he states that his hourly rate is $236 and that he spent 12.9 hours drafting and filing the motion to compel and reply. *Id.* He also states that the tax associated with his attorney's fee is $256.87.[3] The Court finds the hourly rate to be reasonable. *See, e.g.*, *Munoz v. FCA US LLC*, Civ. No. 17-881 WJ/SCY, 2020 WL 6126454, at *3 (D.N.M. Feb. 28, 2020) (concluding that $250 is a reasonable rate for an attorney hired to handle discovery in Albuquerque, New Mexico). Mr. Gilbert delineates the time he spent preparing the motion, listing all his different tasks and the time spent on each. After reviewing Mr. Gilbert's affidavit, the Court also finds the time spent to be reasonable. Accordingly, the Court will award Defendant its fees and expenses in the amount of $3,301.27.

**IT IS THEREFORE ORDERED THAT** Defendant Taos Ski Valley's Motion for Attorney's Fees (Doc. 45) is granted. Plaintiff shall pay Defendant a total of $3,301.27 in connection with Defendant's Motion to Compel (Doc. 34). Such payment is due no later than two weeks from the date of this Order.

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

---

[3] "The New Mexico Gross Receipts Tax is required by state law and may be included as part of [an] attorney's fee award." *Olivo v. Crawford Chevrolet, Inc.*, 536 F. App'x 852, 856 (10th Cir. 2013); *see also Huntingford v. Pharmacy Corp. of Am.*, No. 17-cv-1210 RB/LF, 2019 WL 10888663, at *1 (D.N.M. Jan. 29, 2019) (awarding gross receipts tax as part of reasonable expenses encompassed within Rule 37).