IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SHOWMAKER,

    Plaintiff,

v.                                              No. 1:20-CV-00447 WJ/SCY

TAOS SKI VALLEY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment, filed February 22, 2021 (Doc. 54). Having reviewed the parties' pleadings and the applicable law, this Court finds Defendant's motion to be well-taken, and is therefore **GRANTED**.

**BACKGROUND**

On February 26, 2017, Plaintiff was skiing at Taos Ski Valley ("TSV"). In his Complaint, he asserts that he was injured near the intersection of ski trails White Feather/Firlefanz and Lower Stauffenberg. *See* Doc. 1. Plaintiff claims that an unmarked, off-white colored rope was barricading the path of the convergence of these trails. Plaintiff did not see the rope and collided with it, causing him to be ejected into the air. His head hit the ground and he lost consciousness. Once he regained consciousness, he made his way to the bottom of the mountain and was transported to a hospital. He was diagnosed with an acromioclavicular separation in his right shoulder, head trauma, and comminuted fracture of a metacarpal. He underwent surgery on his

hand and continues to experience pain and discomfort due to the accident. On February 26, 2020, Plaintiff filed suit based on alleged violations of the New Mexico Ski Safety Act, N.M. Stat. Ann. § 24-15-7 ("NMSSA").

## **DISCUSSION**

Defendant filed a Motion for Summary Judgment (Doc. 54). It argues that 1) there is no genuine issue of material fact as to whether Defendant complied with its duties under the NMSSA; 2) the sole and exclusive cause of Plaintiff's accident and injuries was his own breach of his duties under the NMSSA; and 3) Plaintiff is barred from proceeding to trial because he failed to present required expert testimony on the issue of whether Defendant breached its duties under the NMSSA. Because the Court finds Defendant's first argument meritorious, it will not address its second and third arguments. In its Motion for Summary Judgment, Defendant makes clear that it disputes certain facts—namely that the rope Plaintiff collided with was black and yellow rather than off-white—but accepts Plaintiff's version of the facts solely for purposes of the motion.[1]

Plaintiff counters that Defendant only addressed two of the three alleged violations of the NMSSA and that Defendant failed to establish that there is no genuine issue of material fact. Plaintiff argues that Defendant had a duty to 1) mark trail closures in a plainly visible manner which also complies with the national or New Mexico ski area operators association's rules; 2) designate by trail board or otherwise at the top of or entrance to the subject trail which trails are open or closed; and 3) warn of or correct particular hazards or dangers known to TSV where feasible to do so. Plaintiff bases these arguments on sections C, E, and I of the NMSSA.[2]

---

[1] It is perplexing that, in a motion for summary judgment, Defendant dedicates over 3 pages to asserting its version of the "true facts," thereby pointing the Court to exactly which facts remain disputed. It is fortunate for Defendant that the most hotly contested fact, the color of the rope barricade, turns out not to be a material fact under the relevant law.
[2] NMSSA, N.M. Stat. Ann. § 24-15-7(C), (E), (I).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (citation omitted). In other words, the question "is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (citation omitted). When answering that question, the Court must view the evidence and draw all reasonable inferences from the underlying facts in the light most favorable to the party opposing summary judgment. *Id.*

Regarding Plaintiff's first assertion of Defendant's duties, the NMSSA provides that a ski area operator must

> mark in a plainly visible manner the top or entrance to each slope, trail or area with the appropriate symbol for its relative degree of difficulty, using the symbols established or approved by the national ski areas association; and those slopes, trails or areas which are closed, or portions of which present an unusual obstacle or hazard, shall be marked at the top or entrance or at the point of the obstacle or hazard with the appropriate symbols as are established or approved by the national ski areas association or by the New Mexico ski area operators association.

N.M. Stat. Ann. § 24-15-7(C). Plaintiff reads the "plainly visible" requirement to apply to the entire statute—that is, that Defendant was required to mark in a plainly visible manner the degrees of trail difficulty and was also required to mark in a plainly visible manner the trail closures. Defendant reads this section as only imposing the "plainly visible" requirement on the duty to mark trail difficulties. It asserts that its obligation as it pertains to marking trail closures is solely to follow the national or New Mexico ski area operators association's rules. The Tenth Circuit addressed this issue in *Barba v. Taos Ski Valley*, No. 97-2091, 1998 U.S. App. LEXIS

3

9712 (10th Cir. May 13, 1998). At the time, the NMSSA contained the word "conspicuously" instead of "in a plainly visible manner," but the statute was otherwise similar in meaning and form to its current state. *Id.* at *4. The Tenth Circuit affirmed the district court's finding that TSV "must mark those trails that are closed . . . with the appropriate symbol established or approved by the national ski areas association ("NSAA"). These markings must also be positioned at the top of or entrance to the trail *but need not be conspicuous*." *Id.* at *5 (emphasis added). Thus, as it relates to the case at hand, the question becomes whether using an off-white rope to close a trail complied with the rules of the national or New Mexico ski area operators associations.

The New Mexico Ski Area Operators Association provides that trail closures must be marked by either

> A sign or a marking disc at the top or at the entrance to the trail . . . that states 'Closed' or 'Trail Closed'" or "*a rope*, or rope with flagging or marking discs, or both, extending across the top or at the entrance to the trail (as defined in A), or at the point of any other closure and secured either to forest vegetation on either side of the trail or to signage on either side of the trail or to bamboo, metal, plastic, fiberglass or wooden pole(s) or pole lines.

*See* Doc. 54, Ex. 11 (emphasis added). Trails include designated trails and all other on-mountain connecting trails. *Id*. The rules make no mention of any specific coloring required of closure ropes. An off-white rope with no flags secured to trees on both ends qualifies as a "rope . . . at the point of any [] closure." Plaintiff clearly marked with a red circle where the rope was located at the bottom entrance of the Lower Stauffenberg trail past the top of the Tell Glade trail—otherwise known as the Tell Escape entrance. *See* Doc. 54, Ex. 1 (appended to this Order as "Exhibit A"). While the rope was not at the top of Lower Stauffenberg and was closer to the middle or end of that trail, it was still located at an entrance to the trail per Plaintiff's own designation, and therefore was a proper trail closing.

Plaintiff argues that if the Court accepts this literal interpretation of the statute, it should nevertheless disregard it because its application leads to an absurd result contrary to the legislative purpose of promoting ski safety. However, Plaintiff's belief that the NMSSA should have gone further in specifying color or "plainly visible" requirements for rope closures is not an inconsistent or absurd conflict between the NMSSA and the New Mexico Ski Area Operators Association rules. The statute was amended in 1997 and the drafters chose not to include such terms. While the Court is empathetic to Plaintiff's situation, the provisions of the NMSSA are clear. As such, Plaintiff has not pled facts sufficient to assert a breach of a duty under Section C of the NMSSA.

Plaintiff's second argument is that Defendant owed a duty under Section E of the NMSSA, which requires Defendant "to designate by trail board or otherwise at the top of or entrance to the subject trail or slope which trails or slopes are open or closed." N.M. Stat. Ann. § 24-15-7(E). Plaintiff contends that the closure was not marked on the trail board and the rope was placed in the middle of the ski run rather than at the top or entrance. However, for the above discussed reasons, the Court finds that the rope was a proper closure under the NMSSA and New Mexico Ski Area Operators Association rules and was located at the very entrance to the trail that Plaintiff marked. *See* Doc. 54, Ex. 1. As such, Plaintiff has not adequately pled a breach of a duty under Section E of the NMSSA.

Finally, Plaintiff claims Defendant had a duty under Section I to "warn of or correct particular hazards or dangers known to the operator where feasible to do so." N.M. Stat. Ann. § 24-15-7(I). Plaintiff bore the burden of making a showing sufficient to establish the existence of defendant's duty—specifically to show that Defendant knew the off-white rope was a hazard. *See High Plains Nat. Gas v. Warren Petroleum Co.*, 875 F.2d 284, 290–91 (10th Cir. 1989). In

other words, while a jury might reasonably conclude that a white mechanism that blends in with the snow could constitute a hazard, the color of the rope closure is immaterial to determining whether the Defendant had actual knowledge of any potential hazard. Defendant's argument that it did not know the rope was a hazard because it had been in place for years without incident is flawed because it relies on the hotly contested fact that the rope used over those years was bright yellow and black and not the off-white rope used on the day in question. Despite stating that rope had been in place for years, Defendant also notes it was used only during race days without providing the frequency of races on the slope in question, which distinguishes this case from those upon which Defendant relies.[3]

Nonetheless, "[t]he party resisting [summary judgment] may not rest on the bare allegations or denials of his pleadings. Rather he must produce some evidence showing a genuine issue for trial." *Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989). It remains that Plaintiff has not asserted evidence sufficient to show Defendant's actual knowledge that the rope was a hazard. Plaintiff offers an anecdote that he spoke with another skier who claimed to have been injured by the rope barricade on the same day, but that individual declined to provide Plaintiff with his name or contact information as he did not want to be involved in a lawsuit. This narrative, without more, constitutes hearsay evidence that does not demonstrate a genuine issue for trial.

---

[3] *See Kidd v. Taos Ski Valley,* 88 F.3d 848 (1996) (finding that Plaintiff failed to present evidence that the hazard was known to Defendant given the undisputed fact that the rope had been permanently placed in the same location without incident since 1978); *Barba v. Taos Ski Valley*, No. 97-2091, 1998 U.S. App. LEXIS 9712 (10th Cir. May 13, 1998) (concluding that no evidence was asserted to show Defendant knew a picnic table which had been in the same location for over twenty years was a hazard).

Plaintiff has not presented any material fact suggesting that Defendant breached any duty owed under the NMSSA. For these reasons, Defendant's Motion for Summary Judgment (Doc. 54) is hereby **GRANTED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE