IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SHOWMAKER,

      Plaintiff,

v.                                                                         No. 1:20-CV-00447 WJ/SCY

TAOS SKI VALLEY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTION TO ORDER GRANTING DEFENDANT'S**
**MOTION FOR ATTORNEY'S FEES**

**THIS MATTER** comes before the Court upon Plaintiff's Objections (Doc. 59) to U.S. Magistrate Judge Steven Yarbrough's Order Granting Defendant's Motion for Attorney's Fees (Doc. 56). On March 10, 2021, Judge Yarbrough granted Defendant's Motion for Attorney Fees, awarding it $3,301.27. *See* Doc. 56. On March 24, 2021, Plaintiff filed Objections to that Order, which the Court now reviews. *See* Doc. 59. Having reviewed the parties' pleadings and the applicable law, this Court finds Plaintiff's Objections are not well-taken, and are therefore **DENIED**. Judge Yarbrough's award of attorney fees is affirmed.

**BACKGROUND**

On December 1, 2020, Judge Yarbrough granted Defendant's Motion to Compel regarding certain discovery and production disputes (Doc. 43). In granting the Motion, the Court noted that Defendant had requested attorney's fees but Plaintiff had not yet had an opportunity to respond to such request. It invited the Defendant to file a motion for attorney's fees once there had been an opportunity to respond. Defendant subsequently filed a Motion for Attorney's Fees

(Doc. 45), to which Plaintiff responded (Doc. 47) and Defendant filed a reply (Doc. 48). On March 10, Judge Yarbrough granted the request and awarded Defendant $3,301.27 in fees (Doc. 59). Plaintiff filed objections to that order which are the basis for this Opinion, contending that

> 1) Requiring [Plaintiff] to pay attorney's fees when his objections to discovery requests were substantially justified, and when the defendant failed to afford [Plaintiff] a reasonable opportunity to meaningfully respond to the conference attempt, is contrary to law; and 2) Defendant Taos Ski Valley ("TSV") has not met its burden of segregating and providing the reasonableness of attorney's fees expended seeking supplementation for those requests that were not met with substantially justified objections.

Plaintiff bases these arguments on a couple portions of the Order. First, in its Motion to Compel, Defendant sought supplements to its discovery requests concerning Plaintiff's medical information. Specifically, in Interrogatory No. 3, Defendant requested information on all of Plaintiff's health care providers for the period beginning five years prior to February 26, 2017 and through the present. In Request for Production No. 4, Defendant requested a signed Authorization for all of Plaintiff's health care providers for the same period. In response, Plaintiff provided only medical information related to the injuries for which Plaintiff sought recovery rather than providing all of the requested medical information for a certain time period. The Court granted the Motion for Attorney's Fees based in part on this lack of disclosure.

Second, Plaintiff's original discovery responses offered to provide W-2 forms in lieu of tax records and did not clarify whether Plaintiff was seeking damages for lost wages. As such, Defendant sent a good faith letter to Plaintiff outlining its request for tax records for a potential loss-of-wages claim. Plaintiff did not respond to this letter. Defendant then filed its Motion to Compel. In his response to the Motion, Plaintiff clarified that he was not pursuing a loss-of-wages claim. The Court granted Defendant's request for attorney's fees for work drafting the Motion to Compel, stating,

> An obvious purpose of [Rule 37(5)(A)(i)] is to encourage the parties to communicate and share information that would obviate the need to engage in discovery litigation. Given Defendant's acknowledgement that issues related to Request for Production Nos. 5 and 6 became moot once Plaintiff stated that he was not seeking damages for lost wages, it is clear that, had Plaintiff provided this information to Defendant before Defendant filed its motion to compel, Requests for Production Nos. 5 and 6 would not have been included in the motion to compel. Thus, the Court does not view Plaintiff as prevailing on the merits with regard to Requests for Production Nos. 5 and 6. Instead, because Defendant was forced to file its motion to compel to learn that Plaintiff is not seeking damages for lost wages, the Court will require Plaintiff to pay Defendants fees for drafting the entire motion, even though Defendant eventually withdrew its request for employment information as moot.

## **LEGAL STANDARD**

When a party objects to a Magistrate's order, the Court shall consider such objections and modify or set aside any portion of the order found to be clearly erroneous or contrary to law. Fed. R. Civ. Pro. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues." R. Marcus & E. Sherman, Complex Litigation at 643 (1985); *Harrington v. City of Albuquerque*, 2004 WL 1149494 at *1 (D.N.M. May 11, 2004) (citation omitted). To be found erroneous, the Court must have a "definite and firm conviction that a mistake has been committed. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988); *see also Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) (providing that a decision "must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish").

The Order at issue in this case surrounds an award of attorney's fees. Federal Rule of Civil Procedure 37(a)(5)(A) provides that the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

3

motion, including attorney's fees." The Court should not order expenses if "the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The nonmovant's position is "substantially justified" if there exists "a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

## DISCUSSION

Plaintiff first takes issue with the fact that the Court ruled he was required to produce the requested medical information and authorization in Interrogatory No. 3 and Request for Production No. 4 based on Local Rule 26.3(d), which states,

> **(d) Required Initial Disclosure**. In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:
> 1) a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date;
> 3) for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within fourteen (14) days after receiving medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.

D.N.M.LR-Civ. 26.3(d). Relying on this rule, the Magistrate Judge rejected Plaintiff's argument that he should not be required to create a medical release. It then noted that different judges in this District have come to varying conclusions on whether this rule requires only the disclosure of health records upon which the plaintiff intends to rely or whether it requires disclosure of *all* relevant health records. It stated, "The Court does not opine on this debate [] here because the

4

Interrogatory and Request for Production ask for *all* health records and are thus broader than the narrow interpretation of Rule 26.3." Plaintiff cites this sentence and asserts that neither party put forth this argument, and the Court improperly "required disclosures beyond the scope of the local rule." He argues that in reaching this conclusion, the Court improperly relied on the unpublished decision of *Heuskin v. D&E Transport, LLC*, No. CIV 19-957 MV/GBW, 2020 WL 1450575 (D.N.M. Mar. 25, 2020) instead of the out-of-Circuit case *Mills v. E. Gulf Coal Preparation Co.*, LLC, 259 F.R.D. 118, 133 (S.D. W. Va. 2009).

The Court's citation of *Heuskin* demonstrated the principle that because Plaintiff had placed his medical state into issue, medical requests were relevant and discoverable under Fed. R. Civ. P. 26(b)(1). Fed. R. Civ. P. 26(b)(1) provides that any nonprivileged and relevant information is discoverable, which would encompass medical records when medical state is an issue. Plaintiff argues that the Court should have instead relied on *Mills*, in which the Fourth Circuit found that a Plaintiff was not required to provide medical authorization releases because such information was not within his possession as required by Federal Rule of Civil Procedure 34. That Court stated that the proper mechanism for Defendant to obtain such information was to issue subpoenas to the relevant medical entities. While neither of these cases are binding on the Court, it was well within the Court's discretion to follow an in-district case rather than an out-of-district case. Though Defendant did not base its initial argument on Fed. R. Civ. P. 26, it was not improper for the Court to incorporate the rule in its holding to show that it tracks with its analysis of the Local Rule and the medical information requests. Moreover, the Local Rule of this district clearly provides that parties must issue a signed authorization to release medical forms, while the court in *Mills* had no such similar local rule, rendering its analysis inapplicable.

Plaintiff then argues that the existence of a split in authorities over whether Fed. R. Civ. P. 34 requires the production of medical authorizations shows that there is a genuine dispute over which reasonable people could differ. However, Plaintiff cites only out-of-circuit cases that do not follow the local rule, which clearly states that a signed authorization to release medical records is required. Additionally, he only argues that regardless of the Local Rule, the dispute about Rule 34 provides a reasonable basis for dispute without showing that there is a similar dispute about providing medical authorization releases in accordance with the Local Rule. In fact, the only dispute cited to about the Local Rule regards providing health records that the party intends to rely upon versus providing all relevant health records. In other words, there is no confusion among courts in this district as to whether the Local Rule requires signed authorizations, but rather the split in authorities is over whether the Local Rule requires only the disclosure of the health records that Plaintiff intends to rely on, or whether it requires disclosure of all relevant health records. The Court correctly concluded that this debate has no effect on the issues raised by Plaintiff in light of the fact that the Interrogatory and Request for Production clearly requested all health records. Therefore, Plaintiff's argument fails.

Plaintiff next argues that his production complied with the Local Rule without providing any basis for his reasoning. To the extent Plaintiff relies on his previously-asserted arguments regarding this issue, the Court already denied them. *See* Doc. 56, pg. 6-7. To the extent that Plaintiff argues this point on a different, unexplained basis, the Court is not inclined to make his arguments for him.

Lastly, Plaintiff asserts that Defendant failed to prove how much money was expended on drafting each portion of its Motion to Compel and Reply. It argues that Defendant did not segregate time spent on the requests and interrogatories that were granted, denied, or withdrawn

as moot in light of the clarification that Plaintiff would not be pursuing the loss-of-wages claim. However, the Court rejected this argument by stating that Defendant delineated the time spent preparing the motion, listing all his different tasks and the time spent on each. It rejected Plaintiff's contention that Defendant was required to separate the time spent on Requests for Production Nos. 1, 2, and 7 because the hours spent drafting the moot arguments should not be counted towards the attorney's fees allocation. The Court reasoned that because Defendant was forced to file its motion to compel in order to learn that Plaintiff was in fact not seeking damages for lost wages, it was just to require Plaintiff to pay for the time and expenses incurred for drafting the motion. Plaintiff's broad objection does not address the Court's analysis and merely re-asserts arguments on which he was already heard. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the requested discovery is provided after the motion to compel is filed, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion. In this situation, the Plaintiff only cleared up that the requested discovery would not be necessary because he would not be pursuing the loss-of-wages claim after both the good faith letter and the Motion to Compel were filed. Therefore, awarding fees for the unnecessary work was appropriate.

Overall, Plaintiff largely re-asserts his legal arguments which the Court, in its proper discretion and reasoning, rejected. He has not shown that any ruling was contrary to law or that the Court misinterpreted or misapplied applicable law.

Defendant argues that Plaintiff should be required to pay the reasonable expenses incurred in responding to these Objections. While some of the Plaintiff's Objections were repetitive, they were not unreasonable, irrational or otherwise out-of-line. He was entitled to file his Objections and therefore, Defendant's request for additional fees is denied.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE