IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SHOWMAKER,

    Plaintiff,

v.                                          No. 1:20-CV-00447 WJ/SCY

TAOS SKI VALLEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Alter Judgment, filed November 10, 2021 (Doc. 67). Having reviewed the parties' pleadings and the applicable law, this Court finds Plaintiff's motion to be not well-taken; accordingly, it is **DENIED**.

## BACKGROUND

This case stems from a personal injury that occurred on a ski slope at Taos Ski Valley. Plaintiff was skiing when he collided with a rope that had been strung as a barricade to close a trail. On February 26, 2020, Plaintiff filed his Complaint. On February 22, 2021, Defendant filed a Motion for Summary Judgment, which the Court granted. Doc. 64. One of the claims on which the Court granted summary judgment dealt with Section I of the New Mexico Ski Safety Act (NMSSA), which provides that the Defendant has a duty to "warn of or correct particular hazards or dangers *known* to the operator where feasible to do so (emphasis added)." N.M. Stat. Ann. § 24-15-7(I). The Court found that Plaintiff had not asserted evidence sufficient to show Defendant's actual knowledge that the rope closure was a hazard. The Court stated that the

Plaintiff attempted to show that Defendant was on notice that the rope was a hazard by pointing to an anecdote that another skier told Plaintiff he had been injured by the same rope barricade. However, that individual declined to provide Plaintiff with his name or contact information as he did not want to be involved in a lawsuit. As such, the Court concluded that narrative, without more, constituted hearsay evidence that does not demonstrate a genuine issue for trial suggesting that Defendant breached its duty. Plaintiff filed this Motion to Alter Judgment claiming that the Court committed manifest injustice by entering summary judgment on this provision.

## LEGAL STANDARD

Under Fed. R. Civ. Pro. 59(e), a court may alter or amend its prior judgment. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration of the judgment is "an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). Rule 59(e) does not intend to permit arguments previously addressed to be rehashed or to present new legal theories or facts that could have been raised earlier. *Navarette v. Corizon LLC*, No. 18-cv-0057 WJ/SMV, 2020 WL 209317 at *4 (D.N.M. Jan. 14, 2020). A motion for reconsideration is not "a license for a losing party's attorney to get a 'second bite at the apple.'" *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1998). A motion for reconsideration should be granted when necessary "to correct clear error or prevent manifest injustice," such as when a court has "misapprehended the facts, a party's position, or the controlling law." *Servants,* 204 F.3d at 1012. Reconsideration will generally be denied unless the moving party can point to controlling decisions or factual data that the court overlooked. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995). When considering a Rule 59(e) motion, a "court must strike the proper balance between two competing imperatives:

1) finality and 2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## DISCUSSION

Plaintiff argues that the question of Defendant's "knowledge" under Section I of the NMSSA is a question of fact and an issue involving credibility that cannot be decided on summary judgment. However, as discussed in the Court's order, "[t]he party resisting [summary judgment] may not rest on the bare allegations or denials of his pleadings. Rather he must produce some evidence showing a genuine issue for trial." *Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989). In response to Defendant's showing of a lack of evidence regarding knowledge, Plaintiff cannot rely on his Complaint to baldly assert that Defendant knew the rope closure was a hazard. Indeed, Plaintiff does not deny that he set forth no evidence supporting this idea. For that same reason, the Tenth Circuit in *Kidd v. Taos Ski Valley* found summary judgment proper when "Kidd failed to present any probative evidence that the diversionary rope in question was a 'particular hazard . . . known to' TSV." 88 F.3d 848, 852 (10th Cir. 1996). The only cited evidence in the record pointed to the contrary— that TSV had no knowledge of the potential hazard. Similarly, in *Barba v. Taos Ski Valley*, the Court found that there were no material disputes of fact related to Defendant's knowledge and entered summary judgment. No. 97-2091, 1998 U.S. App. LEXIS 9712 at *7-8 (10th Cir. May 13, 1998) (concluding that no evidence was asserted to show Defendant knew a picnic table which had been in the same location for over twenty years was a hazard).

Plaintiff attempts to rely on *Lopez v. Ski Apache Resort*, which found summary judgment improper. However, in that case, unlike the case at hand, the Court found that there were material disputes of fact relevant to the question. 114 N.M. 202, 210 (10th Cir. 1992) ("Material disputed

3

factual issues existed as to whether the ski tower with which she collided posed a 'particular hazard known to the operator'. . ."). Plaintiff also relies on *Bar J Sand & Gravel, Inc.*, 2018 U.S. Dist. LEXIS 106240, at *32 (D.N.M. June 26, 2018). Nevertheless, the Court in that case explicitly stated, "*If there are disputed facts bearing upon the existence of a duty*, as for example the defendant's knowledge of the fact . . . they are determined by the jury (emphasis added)." There was no evidentiary support to show a material dispute of fact in the case at hand and summary judgment was proper. Thus, these cases demonstrate that Plaintiff is incorrect in arguing that 1) whether Defendant knew that the rope was a hazard involved a question of fact that cannot be resolved on summary judgment and 2) whether Defendant had actual knowledge that the rope was a hazard is not an appropriate issue for summary judgment because it involved the party's state of mind.

Additionally, Plaintiff argues that a jury could reasonably infer from the circumstances that the rope was a hazard, and therefore this fact was properly disputed. Plaintiff is correct that a jury could conclude that an off-white rope that blended in with the snow was a hazard. However, this bears little relevance on Plaintiff's obligation to set forth evidence showing not that the rope was a hazard, but rather that Defendant *knew* it was a hazard. Had the legislature intended a remedy for plaintiffs injured by a mechanism that a defendant should have known constituted a hazard, or by a mechanism that was a hazard regardless of Defendant's knowledge of it, it would have enacted such a statute. But the fact remains that the provision imposes a duty on defendants to "warn of or correct particular hazards or dangers <u>known</u> to the operator where feasible to do so." N.M. Stat. Ann. § 24-15-7(I). Merely pointing to the potentially hazardous nature of a mechanism to show inferred knowledge defeats the purpose of including a knowledge requirement in the statute. Following Plaintiff's logic, the Courts in *Kidd* and *Barba* would have

concluded that despite any proffered evidence, the diversionary rope and picnic table were hazardous by nature, and therefore Defendants knew they were hazards. This logic defies a plain reading of the statute.

For these reasons, Plaintiff's Motion to Alter or Amend Judgment is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE